UNITED STATES of America, Plaintiff–Appellee,

v.

Cletus Avery GREATHOUSE, Defendant–Appellant.

No. 00–50599.

D.C. No. CR–98–02754–H.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2001.

Decided June 19, 2001.

---

** Honorable Robert H. Henry, United States Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

Before WARDLAW, PAEZ, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Cletus Avery Greathouse ("Greathouse") appeals the district court's denial of his Motion to Suppress Evidence. Greathouse argues that the Border Patrol did not have probable cause to search the motor home he was driving and that all evidence discovered during that search, including the 61 illegal aliens found in the motor home, should therefore be suppressed. We vacated the district court's first denial of Greathouse's motion and remanded due to the lack of factual findings. *See United States v. Greathouse*, 225 F.3d 664 (9th Cir.2000) (unpublished disposition). On remand, the district court again held an evidentiary hearing and again denied Greathouse's motion. That denial is the subject of this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The search at issue occurred at the Border Patrol's fixed checkpoint near Pine Valley, California. Searches conducted at fixed border patrol checkpoints are constitutional only if justified "by consent or probable cause." *United States v. Martinez–Fuerte*, 428 U.S. 543, 567, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). Neither party disputes that the motor home was "searched" without consent and that the Border Patrol agent's actions must therefore be supported by "probable cause." We review findings of probable cause de novo. *United States v. Rojas–Millan*, 234 F.3d 464, 468 (9th Cir.2000). A district court's findings of fact such as whether a witness is credible are reviewed for clear error. *United States v. Clawson*, 831 F.2d 909, 914 (9th Cir.1987). Moreover, "[w]hen findings are based on trial court

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

determinations regarding the credibility of witnesses, even greater deference is given to the court's findings." *Trent v. Valley Elec. Ass'n,* 195 F.3d 534, 538 (9th Cir. 1999).

The district court found the following: (1) The Border Patrol agent's testimony was credible; (2) Although it was the middle of the day, all of the motor home's windows were closed and covered by curtains; (3) A makeshift curtain hung behind the driver and front passenger seats preventing anyone from seeing into the living-area of the motor home; (4) The frame of the motor home was riding extremely low to the ground; (5) Greathouse acted suspiciously because he did not initially follow the agent's directions; (6) When the secondary inspection agent knocked on the motor home's door it opened a few inches; and (7) Through the open door, the agent saw movement inside the motor home. These findings are not clearly erroneous.

We agree with the district court's conclusion that a reasonable person, viewing the facts and circumstances as the Border Patrol agent saw them, would have probable cause to believe that the motor home contained contraband or evidence of a crime. *See Ornelas v. United States,* 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996) (finding that probable cause exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found"). Because the Border Patrol agents had probable cause to conduct the search, we need not reach the district court's alternative conclusion that exigent circumstances justified the search.

AFFIRMED.